BALL, BY NEXT FRIEND, V. MILLER.

1. **Infant:** ACTION BY NEXT FRIEND: DISMISSAL BY COURT. Where an infant brought an action by his next friend, and the court dismissed the action upon the finding of record that "said action is not being prosecuted for the benefit of said minor, and that the further prosecution of said action is not for the best interest of said minor," *held* that the dismissal was warranted by section 2565 of the Code, and that, in the absence of a showing to the contrary, the findings of the court must be presumed to have been made upon sufficient evidence.

*Appeal from Guthrie Circuit Court.*

FRIDAY, OCTOBER 20.

ACTION to recover for the negligence and want of skill of defendants who are surgeons, in treating a broken arm of the infant plaintiff. After answer of defendants denying the allegations of the petition, the court dismissed the action upon

a stipulation signed by the next friend, who prosecuted the suit for the infant. The plaintiff appeals.

*H. E. Long*, for appellant.

*A. Hill* and *Charles S. Fogg*, for appellee.

BECK, J.—I. The next friend of the plaintiff filed in the court a paper reciting that he was satisfied no recovery could be had in the case, and that there was no valid cause of action, and that it was for the best interest of the plaintiff to dismiss the action. The paper shows the receipt of $50, paid in consideration of the dismissal of the case and in payment of all claims set up in the petition, and directs the case to be dismissed. The case coming on for hearing upon this paper, the court entered an order dismissing the action upon a finding, entered of record with the order, that "said action is not being prosecuted for the benefit of the said minor, and that the further prosecution of the action is not for the best interest of the minor."

Code, § 2565 provides that "the action of a minor must be brought by his guardian or next friend; but the court has power to dismiss it, if it is not for the benefit of the minor."

Under this provision the court was authorized to dismiss the action upon the finding above set out. The correctness of the finding cannot be questioned in this court, as the record does not disclose the evidence upon which it was made. We will presume that it was supported by the facts before the court. The judgment of the Circuit Court must be

AFFIRMED.